IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| FRANK LORD, *et al.*, | ) CASE NO. 1:17-CV-01739 |
| | ) |
| Plaintiffs, | ) |
| | ) JUDGE DONALD C. NUGENT |
| vs. | ) |
| | ) |
| KISLING, NESTICO & REDICK, LLC., | ) |
| *et al.*, | ) MEMORANDUM OPINION AND ORDER |
| | ) |
| Defendants. | ) |

This matter is before the Court on Defendant Kisling, Nestico & Redick, LLC's ("KNR") Motion To Dismiss (ECF #31) Frank Lord and Steven M. Katz's (Plaintiffs) First Amended Class Action Complaint pursuant to Fed. R. Civ. P. 12(b)(6). (ECF #15).Plaintiffs filed an Opposition (ECF #32) to KNR's Motion to Dismiss and KNR filed a Reply (ECF #34) in Support of its Motion to Dismiss. Plaintiffs also filed a Motion to Strike (ECF #33) KNR counsel's letter and the declaration of the computer programmer that created KNR's messaging system Alin Mazilu.[1] For the reasons that follow, KNR's Motions to Dismiss is GRANTED.

---

[1] This Court did not use KNR counsel's letter or the declaration of Alin Mazilu when deciding KNR's Motion to Dismiss. Since this Court is granting KNR's Motion to Dismiss, Plaintiffs' Motion to Strike is rendered moot and therefore is denied.

**I.     Factual and Procedural Background**

On December 18, 2017, Plaintiffs Frank Lord and Steven M. Katz filed an amended class action complaint against Defendants KNR and Wire2Air Mobile Solutions (Wire2Air"), alleging receipt of unsolicited and unauthorized electronic text messages from KNR. (ECF #15). Plaintiffs alleged that KNR sent text messages using an automatic telephone dialing system ("ATDS") in violation of (1) the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"); (2) the Ohio Electronic Mail Advertisements Act, 47 U.S.C. § 2307.64 ("EMAA"); and (3) the Ohio Consumer Sales Practices Act O.R.C. § 1345.09 ("OCSPA"). (ECF #15). Plaintiffs' later withdrew their claim under EMAA. (ECF #32).

Plaintiffs alleged that shortly after they were both involved in separate automobile accidents they each received a single text message from KNR. Plaintiffs' alleged that the text messages referenced their recent automobile accidents and advertised KNR's legal services. Plaintiffs contend that KNR obtains cellular telephone number of individuals involved in motor vehicle accidents from police reports, inputs those telephone numbers into an auto-dialing system developed by fellow Defendant Wire2Air, and then sends text messages containing KNR legal service advertisements. Plaintiffs alleged that the platform KNR uses, and other systems Wire2Air developed, have the "capability and/or functionality to launch mass and bulk messages 'in seconds.'" (ECF #15). Plaintiff's further allege that "the platform that KNR acknowledges using, uses and requires a short code which is used for bulk and mass texting which indicates the use of an ATDS." (ECF #15).

## II. STANDARD OF REVIEW

In evaluating a motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff, accept its factual allegations as true, and draw reasonable inferences in favor of the plaintiff. *See Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). The complaint need not contain detailed factual allegations, but it must include more than labels, conclusions, and formulaic recitations of the elements of a cause of action. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Twombly*, 550 U.S. at 555).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege facts that "state a claim to relief that is plausible on its face," and that, if accepted as true, are sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011), cert. denied, 132 S.Ct. 1583, 182 L. Ed. 2d 172, (2012) (quoting *Iqbal*, 556 U.S. at 677). Where a complaint pleads facts that are merely consistent with a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

On a motion brought under Rule 12(b)(6) the court's inquiry is limited to the content of the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. *See Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008); *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001).

### III. Analysis

*A. TCPA Claim*

The TCPA states that it is unlawful for any person "(A) to make any call (other than a call made… with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice… to any telephone number assigned to a… cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii). The TCPA does not completely prohibit calling or texting cellular telephones. Instead, the TCPA only prohibits calling or texting cellular telephones when (1) the call or text is made using an ATDS; or (2) the telephone call uses an artificial or prerecorded voice. An ATDS is defined as "equipment which has the capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." U.S.C. § 227(a)(1).

The FCC in 2015 issued a Declaratory Ruling and Order regarding the definition and interpretation of an ATDS. *In re TCPA*, 30 F.C.C.R. 7961 (2015). This interpretation drastically expanded and altered the statutory definition of an ATDS. *ACA Int'l v FCC*, 885 F.3d 687, 692, 697. The FCC held that the "capacity" of an ATDS "includes its potential functionalities" and is not limited to what the equipment is capable of doing in its current

configuration. *Id.* at 694. On March 16, 2018 the D.C. Circuit vacated the FCC's 2015 interpretation of an ATDS. *See Id.* The D.C. Circuit held that the FCC's prior definition of an ATDS which included an equipment's potential functionalities was "utterly unreasonable in breath of its regulatory [in]clusion," that the interpretation was "unreasonably, and impermissibly, expansive" interpretation of the TCPA. *ACA Int'l*, 885 F.3d at 692, 697, 699.

After the D.C. Circuit's ruling, the TCPA does not completely prohibit calling or texting cellular telephones as long as an ATDS is not utilized. An ATDS is defined as "equipment which has the capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C.§ 227(a)(1). Plaintiffs' allege that KNR violated the TCPA because the system KNR allegedly used is capable of sending mass and bulk text messages without human intervention. To state a claim Plaintiffs' complaint completely depends on the validity of the FCC's expansive 2015 order which included devices that have the capacity to perform the necessary functions. This Court finds the D.C. Circuit's interpretation of an ATDS persuasive and will therefore follow the Circuit Court's holding rejecting the "capacity" or "potential functionality" test. *ACA Int'l*, 885 F.3d at 692, 697, 699.

For the telephone system KNR allegedly uses to constitute a violation of the TCPA, Plaintiffs' claim must allege plausible facts that KNR's system has the ability to store or produce telephone numbers using a random or sequential number generator. 47 U.S.C. § 227(a)(1). Here, Plaintiffs' do not allege any facts that KNR uses a system that has the ability to store or produce telephone numbers to be called using a random or sequential number

generator. Instead, Plaintiffs' complaint alleges that KNR's equipment can "be modified or programmed to generate and dial random or sequential numbers." (ECF #15). Even if these allegations are taken as true they do not plausibly allege the use of an ATDS. In addition, after *ACA Int'l*, the fact that KNR's system maybe capable of sending bulk or mass messages without human intervention is irrelevant. Plaintiffs' remaining allegations are not facts and are simply conclusions that are insufficient to state a claim. *See Norman v. Sito Mobile Sols*., No. CV 17-2215, 2017 WL 1330199, *3 (D.N.J. Apr. 6, 2017) ("Plaintiffs must do more than simply parrot the statutory language… a plaintiff must at least describe, in laymen's terms, the facts about the calls or circumstances surrounding the calls that make it plausible that they were made using an [ATDS]." As such Plaintiffs' complaint only parrots the statutory language and fails to state a claim for violation of the TCPA.

*B. CSPA Claim*

Plaintiffs' CSPA claim also fails because it is predicated on their TCPA claims. ( ECF #15). Plaintiffs' CSPA claim fails as a matter of law because transactions between attorneys and their clients, as well as "solicitation[s] to supply" those transactions are exempt from CSPA. R.C. § 1345.01(A); R.C. § 1345.01(C).

In order for Plaintiffs to plead a cognizable claim under the CSPA, KNR must be a "supplier" and the text messages sent must be a "consumer transaction." R.C. § 1345.01(A). A "Consumer Transaction" is defined as the "sale, lease, assignment... or other transfer of an item of goods, a service... or solicitation to supply any of these things." *Id.* The CSPA states that a "Consumer transaction does not include transactions between... attorneys, physicians,

or dentists and their clients or patients." *Id.* Plaintiffs argue that the attorney exemption only applies an attorneys' actual clients and not potential clients.(ECF #15, 32). Plaintiffs' arguments are incorrect because even if no transaction is ever completed, interactions between attorneys and their clients including solicitation efforts of potential clients are exempt from the CPSA. R.C. § 1345.01(C); *Lee v. Traci*, 8th Dist. No. 65368, 1994 Ohio App. LEXIS 2384, *20-21 (June 2, 1994); *State ex rel. Cordray v. Citibank* (S.D.), N.A., Franklin Case No. 07CVH-09-12591, 2010 Ohio Misc. LEXIS 14767, *5-7 (May 24, 2010). KNR's text messages, advertising KNR's legal services, were sent to individuals involved in automobile accidents. The text messages were sent to solicit potential clients and are therefore exempt from the CSPA. R.C. § 1345.01(A).

**IV. Conclusion**

For the reasons set forth herein, KNR's Motion to Dismiss is GRANTED.

IT IS SO ORDERED.

                                        *Donald C. Nugent*
                                        DONALD C. NUGENT
                                        United States District Judge

DATED: July 12, 2018